UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTOR H. SPARROW, III,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>INTERBAY FUNDING, L.L.C., et al.<br><br>　　　　　　Defendants. | Civil Action 05-00581(HHK) |

MEMORANDUM OPINION

Plaintiff Victor H. Sparrow, III, brings this action against defendant Interbay Funding LLC, asserting several causes of action concerning the refinancing of his home mortgage. Before the court is Interbay's motion to dismiss Sparrow's first amended complaint [#13] for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). Upon consideration of defendant's motion, the opposition thereto, and the record of the case, the court concludes that Interbay's motion must be granted.

I. BACKGROUND

Sparrow resides at 1768 Willard St., N.W., in Washington D.C. Compl. ¶ 1.[1] In 1987, Sparrow obtained a mortgage on his home, which was transferred to Interbay on or about January 1, 2000. *Id.* ¶¶ 2-3. On April 4, 2002, Sparrow sent a "qualified written request" to Interbay seeking to obtain an accounting and a reconciliation of his account. *Id.* ¶ 8; Ex. A. On May 17,

---

[1] All references to the "Complaint" refer to the First Amended Complaint [#11], filed on April 19, 2005.

2002, Sparrow wrote to Interbay again, acknowledging that Interbay had responded to him but alleging that Interbay had not responded in a substantive manner to his requests for accounting and financial reconciliation information. *Id.* ¶¶ 8-11; Ex. B.

On June 7, 2002, Interbay filed a notice of foreclosure with respect to Sparrow's home mortgage. On June 25, 2002, Sparrow filed a lawsuit against Interbay and others, seeking to enjoin the foreclosure sale of his property and asserting claims under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 *et seq.*, ("RESPA"), and claims of negligence and intentional infliction of emotional distress. *See Sparrow v. Interbay Funding, LLC*, No. 02-1264 (D.D.C. filed June 25, 2002) ("*Sparrow I*"). On July 8, 2002, Sparrow and Interbay agreed to settle his claims in *Sparrow I*. As part of the settlement, the parties entered into a "Loan Adjustment Agreement." Def.'s Mot. to Dismiss, Ex. 3 (the "Agreement").[2] As provided by the Agreement, Sparrow requested that Interbay adjust the scheduled amortization of the loan to enable him to make his payments and to avoid foreclosure. *Id.*[3] In the Agreement, Sparrow relinquished all

---

[2] The court may take notice of documents attached to a motion to dismiss under Rule 12(b)(6) where the complaint is premised upon the document, the document was incorporated into the complaint by reference, and its authenticity is undisputed. *See Kaempe v. Myers,* 367 F.3d 958, 965 (D.C. Cir. 2004).

[3] The Agreement provides in pertinent part:

> Due to adverse economic circumstances, [Sparrow] has requested [Interbay] to adjust the scheduled amortization of the Note to permit [Sparrow] to meet [his] obligations to [Interbay] in full and in a timely manner. The requested adjustment will benefit [Sparrow], [Interbay] and any junior lienholder, by avoiding the possible foreclosure of the Loan by [Interbay]. Accordingly, it is considered to be in the best interest of all concerned to enter this agreement.

Agreement, Recitals ¶ C.

claims against Interbay that existed at the time of the Agreement.  *Id.*[4]  On July 31, 2002, the complaint in *Sparrow I* was dismissed with prejudice on stipulation of the parties.  *Sparrow I*, Dkt. # 14; Def.'s Mot. to Dismiss, Ex. 5 (Stipulation of Dismissal).

On March 21, 2005, Sparrow filed the instant action against Interbay and several other defendants, who were later dismissed.[5]  Interbay filed a motion to dismiss on April 14, 2005, and on April 19, 2005, Sparrow filed an amended complaint (the "Complaint").  In Count I of the Complaint, Sparrow alleges (a) Interbay failed to adequately respond to his "qualified written requests," in contravention of RESPA;  Compl. ¶¶ 9, 11-13; (b) Interbay failed to provide him with required disclosures pertaining to a "recasting" or a "refinancing" of a mortgage, as required by the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, (the "TILA"), and the Home Ownership and Equity Protection Act of 1994, 15 U.S.C. § 1639 *et seq.*, (the "HOEPA"), Compl. at 2; *id.* ¶ 4; and (c) that the Settlement Agreement was procured by "threat[]" and coercion.  Compl. ¶¶ 4, 11.  In Count II of the Complaint, Sparrow alleges that Interbay's conduct constitutes a violation of the District of Columbia Consumer Protection Procedures Act, D.C. Code § 28-3901 *et seq.* (the "CPPA"), "predatory lending," negligence, and intentional infliction of emotional

---

[4] The Agreement provides in pertinent part:

> [Sparrow] releases [Interbay], its subsidiaries, affiliates, agents, officers and employees, from any and all claims, damages or liabilities of any kind existing on the date of this Agreement, which are in any way connected to the Loan, the servicing of the Loan, or events which lead up to or resulted in [Sparrow] entering into this Agreement.

Agreement ¶ 3.

[5] Defendants PCFS Mortgage Resources and Litton Loan Servicing were voluntarily dismissed from this action on June 14, 2005.  Defendant New Century Mortgage Corp. was dismissed on August 12, 2005.

distress under the law of the District of Columbia.  Compl. ¶¶ 9,11-16.  Sparrow invoked federal question jurisdiction, *see* 28 U.S.C. § 1331; diversity jurisdiction, *see* 28 U.S.C. § 1332(a)(1);[6] and supplemental jurisdiction, *see* 28 U.S.C. § 1367(a).

Interbay filed the instant motion to dismiss on May 4, 2005, asserting that Sparrow has failed to state a claim, and that certain claims are barred by the statute of limitations.  In his Opposition, Sparrow concedes that Count I (a) (concerning TILA and HOEPA) are barred by the applicable one-year statute of limitations period, *see* 15 U.S.C. § 1640(e) (providing that an action under TILA or HOEPA must be commenced "within one year of the date of the occurrence of the violation").  Pl.'s Opp'n at 3-4.[7]  Sparrow also seeks leave to amend his complaint to include several new claims, which Interbay opposes.

Because it is undisputed that Sparrow's claims under TILA and HOEPA are barred by the statute of limitations, they shall be dismissed.  The court will proceed to address Interbay's other contentions.

## II.  ANALYSIS

Interbay contends that Sparrow's complaint should be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(6), because he has failed to state a claim for relief in that his claims are barred by res judicata and release.[8]  Interbay also asserts that Sparrow should be

---

[6] According to the Complaint, Sparrow is a resident of the District of Columbia, and Interbay is incorporated in Florida.  Compl. ¶¶ 1,3.

[7] The Loan Adjustment Agreement was executed in July 2002, and the instant complaint was not filed until March 21, 2005, more than one year after the statute of limitations period expired.

[8] A motion to dismiss pursuant to Rule 12(b)(6) should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle

denied leave to amend his Complaint because of undue delay and futility. As set forth below, the court agrees.

**A.     Res Judicata**

Interbay contends that Sparrow asserted identical claims in *Sparrow I* as he does here. Thus, Interbay contends that his Complaint must be dismissed because his claims are precluded by the doctrine of res judicata.

Under the doctrine of res judicata, or claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Claim preclusion requires a showing of three elements: (1) the presence of the same parties or privies in the previous and current suit; (2) claims arising from the same cause of action in the previous suit as those in the current suit; and (3) a final judgment on the merits in the previous suit. *See Apotex, Inc. v. Food & Drug Admin.*, 393 F.3d 210, 217 (D.C. Cir. 2004). Claims "arise from the same cause of action" where they are based on the same "nucleus of facts." *Id.* (internal quotation marks omitted).

---

[her] to relief." *Radack v. U.S. Dept. of Justice,* 402 F. Supp. 2d 99, 103 (D.D.C. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). When reviewing a motion to dismiss, the court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Egilman v. Keller & Heckman, LLP*, 401 F. Supp. 2d 105, 109 (D.D.C. 2005). As such, a motion to dismiss under Rule 12(b)(6) tests not whether a plaintiff will ultimately prevail on the merits, but only whether the plaintiff has properly stated a claim for which she is entitled to relief. *Chandamuri v. Georgetown Univ.*, 274 F. Supp. 2d 71, 76 (D.D.C. 2003). Additionally, the court is required to "construe pro se filings liberally." *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999).

In the instant action, the first element is undeniably established, as both Sparrow and Interbay were parties in both actions. The second element is also established — Sparrow's claims arise from the same nucleus of facts as those he litigated in *Sparrow I*. In both suits, Sparrow alleged that Interbay contravened RESPA in that it failed to respond to his "qualified written requests" submitted to Interbay on April 4, 2002, and May 17, 2002. *Sparrow I* Compl. ¶¶ 9-11; *Sparrow II* Compl. ¶¶ 8-9.[9] Sparrow also asserted the same claims of negligence and intentional infliction of emotional distress based on these same facts. *Sparrow I* Compl. ¶ 18; *Sparrow II* Compl. ¶¶ 15-16. And he asserted the same claim that Interbay contravened D.C. statutory and common law by applying his payments to "suspense accounts" rather than toward principal and interest. *Sparrow I* Compl. ¶ 14; *Sparrow II* Compl. ¶ 16.

Finally, the third element required for res judicata is established — the first action resulted in a judgment on the merits. The parties stipulated to a dismissal "with prejudice," which, pursuant to Fed. R. Civ. P. 41(a)(1), constitutes a final judgment on the merits that bars a later suit on the same claim. *Burns v. Fincke*, 197 F.2d 165, 166 (D.C. Cir. 1952) (holding that dismissal with prejudice pursuant to stipulation has preclusive effect); *see also Lawlor v. Natl. Screen Service Corp.*, 349 U.S. 322, 327 (1955) (observing that "judgment dismissing the previous suit 'with prejudice' bars a later suit on the same cause of action").

---

[9] Under RESPA, a loan servicer has a "duty" to respond to "qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan." 12 U.S.C. § 2605(e)(1)(A). A "qualified written request" is defined as written correspondence which identifies the name and account of the borrower and a statement of the reasons the borrower believes her account is in error (or provides sufficient detail to the servicer regarding other information sought by the borrower). *Id.*

Res judicata also bars most of the other claims under D.C. law that Sparrow asserts here. The doctrine precludes claims that "could have been raised" in the earlier action, even if they were not actually litigated. *Velikonja v. Ashcroft*, 355 F. Supp. 2d 197, 201 (D.D.C. 2005). Sparrow's claims concerning predatory lending, unlawful trade practices, and the CPPA are all premised on the same "nucleus of facts" as his previous action — Interbay's alleged failure to respond adequately to his written requests in 2002. Thus, they are barred now because they could have been asserted in *Sparrow I*, and he may not have his proverbial second bite at the apple.

Accordingly, Sparrow's complaint must be dismissed on the grounds that his claims are precluded by res judicata.

**B.      Settlement Release**

Alternatively, Interbay asserts that all of Sparrow's claims relate to conduct prior to July 8, 2002, and thus were released by the Loan Adjustment Agreement that the parties entered into on that date. The language of the Agreement provides that "[Sparrow] releases [Interbay], its subsidiaries, affiliates, agents, officers and employees, from any and all claims, damages or liabilities of any kind existing on the date of this Agreement, which are in any way connected to the Loan, the servicing of the Loan, or events which lead up to or resulted in [Sparrow] entering into this Agreement." Agreement ¶ 3. Thus, the plain language of the agreement would appear to release Interbay from any claims arising before the date of the agreement. *See Sirmans v. Caldera*, 138 F. Supp. 2d 14, 19 (D.D.C. 2001) (observing that a court will ordinarily enforce a settlement agreement, which is essentially a contract between the parties regarding claims which are "foreclose[d] . . . from future litigation").

For his part, Sparrow contends that the settlement of *Sparrow I* contravened federal and D.C. law in that Sparrow was "coerc[ed]" into agreeing to it by "threat of foreclosure." Compl. ¶ 4,11. Sparrow offers no indication, however, that he was threatened or coerced by anything other than the already-pending foreclosure. Indeed, the allegations in his Complaint tend to demonstrate that he willingly sought out and agreed to the settlement. In his April 4, 2002 letter to Interbay, he indicates that he is "prepared to enter into a plan for the amortization (or recasting) of this loan." Compl. Ex. A. In his July 3, 2002 letter to Interbay, he writes that the "purpose of this letter is to thank you for your assistance and to advi[s]e you that I would accept a modification of the mortgage loan." *Id.* Ex. I. He also proposes that he would be prepared to dismiss his lawsuit against Interbay. *Id.* As Sparrow's own exhibits contradict his allegations of coercion, the court concludes that they are not "well-pleaded" and need not be accepted as true. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (observing that the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences"). Thus, all of Sparrow's claims are also barred by the release contained in the settlement agreement.

**C.     Leave to Amend**

In his Opposition, Sparrow requests leave to amend his complaint, pursuant to Federal Rule of Civil Procedure 15, to include claims "sounding in 'accounting,' 'conspiracy' and under the 'District of Columbia Usury Act,' " *see* D.C. Code § 28-3312. Pl.'s Opp'n at 4. Interbay contends, however, that such a request is not a proper motion for leave to amend and that, in any event, it should be denied on the grounds that it is dilatory and futile.

Ordinarily, leave to amend "shall be freely given when justice so requires" to pro se litigants. *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 877 (D.C. Cir. 1993) (internal quotation marks omitted).[10]  Leave to amend, however, is only appropriate "in the absence of undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility." *Richardson v. United States,* 193 F.3d 545, 548 -549 (D.C. Cir. 1999).  In this case, Sparrow does not meet the standard for leave to amend.  First, his attempt would be futile because the claims he seeks to assert are nonetheless barred by res judicata and release as they are based on facts litigated and dismissed, pursuant to a valid settlement agreement, in *Sparrow I*.  Moreover, the request represents Sparrow's *fourth* attempt to articulate this claim — in two separate lawsuits — which suggests undue delay, not to mention a repeated failure to cure deficiencies.  Finally, leave to amend at this point would unduly prejudice Interbay, which has been forced to defend against two actions by Sparrow over the past four years.  Thus, the court denies Sparrow's request for leave to amend his complaint.

### III.  CONCLUSION

Accordingly, Interbay's motion to dismiss [#13] is **GRANTED**, and Sparrow's complaint [#11] is **DISMISSED.**  An appropriate order accompanies this memorandum opinion.

Henry H. Kennedy, Jr.
United States District Judge

Dated: September 29, 2006

---

[10] There is some question as to whether Sparrow's request represents a proper motion under Rule 15, which requires that motion setting forth the grounds upon which the amendment is sought, and Local Civil Rule 7(i), which requires that motion for leave to amend be accompanied "by an original of the proposed pleading as amended."  The court need not reach this argument, however, as the court concludes that it would not grant such a motion, even if properly formed, for the reasons set forth above.